■ In the Matter of GREGORY H., Appellant. — In a juvenile delinquency proceeding, the appeals are (1) from an order of disposition of the Family Court, Nassau County (Cohen, J.), dated September 2, 1980, which, *inter alia,* adjudicated appellant to be a juvenile delinquent and imposed a restrictive placement, and (2) by permission, from a further order of the same court, dated October 1, 1981, which denied, without a hearing, appellant's motion to modify the order of disposition. Orders affirmed, without costs or disbursements. Section 753-a (subd 3, par [b]) of the Family Court Act prohibits the making of a motion pursuant to section 762 of the Family Court Act to modify or vacate an order of disposition during the initial period of confinement specified in the court's order. This limitation refers to a youth, found to have committed a class A felony act, whose initial confinement in a secure facility shall be for a period, set by the order, of "not less than twelve nor more than eighteen months" (Family Ct Act, § 753-a, subd 3, par [a], cl [ii]). Hence, the juvenile may not make a motion until he has served the specified initial period of confinement in a secure facility. In contrast under subdivision 5 of section 753-a, where "a youth found to have committed any designated felony act and such youth has been found by the court to have committed a designated felony act on a prior occasion * * * the order of the court shall be made pursuant to subdivision three of" section 753-a, which mandates that the youth initially be confined in a secure facility for 18 months (Family Ct Act, § 753-a, subd 3, par [a], cl [ii]). This is such a case. Thus, a youth confined pursuant to subdivision 5 may not seek to modify or vacate the order of disposition pursuant to section 762 of the Family Court Act during his initial confinement in a secure facility — the first 18 months of his placement. Thereafter, relief under section 762 may be obtained (see Barsky & Gottfried, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 762, 1976-1981 Supp Pamph, p 381). However, the hearing scheduled in the Family Court for July 15, 1982 may proceed as scheduled as appellant has already served the initial 18-month period. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.